UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANDRE' VANCE POWELL,                )
                                    )
            Petitioner,             )
                                    )
v.                                  )     No. 2:09-cv-304-WTL-JMS
                                    )
BRUCE LEMMON,                       )
                                    )
            Respondent.             )

**E N T R Y**

This cause is before the court on the plaintiff's motion for correction of the record. This motion was filed on February 26, 2010, following the denial on February 24, 2010, of his petition for writ of habeas corpus.

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given the timing of the post-judgment motion and its content, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

The petitioner brought this habeas action to challenge the validity of a prison disciplinary proceeding. The respondent sought dismissal of the action based on the representation that prison authorities had dismissed the case and rescinded the sanctions imposed therein. It was a part of that representation that the sanctions had included time served in disciplinary segregation ("DS"). The petitioner asserts in his motion to correct that this latter representation is not factual. Specifically, he explains that he was not sanctioned with "time served" in DS, but was sanctioned to a period of 90 days in DS. Based on this account of the actual sanction relative to DS, the petitioner seeks correction of the record.

The reason this action became moot was not based, even in part, on the respondent's description of the duration or termination of the petitioner's confinement in administrative segregation, but on the fact that the sanction which otherwise would have affected the anticipated duration of his custody was vacated. When that latter sanction was removed from the picture, the petitioner could no longer satisfy the "in custody" requirement of the federal habeas statute, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), and it is this which rendered the action moot. When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

The above discussion shows why any statement concerning the sanction of confinement in administrative segregation did not affect, and could not have affected, the resolution of the respondent's motion to dismiss. The court did not make any finding regarding DS as a sanction, but did note what the respondent stated in his motion. The respondent's statement does not constitute a finding of the court. Even if the petitioner was sanctioned with respect to DS in a manner other than as represented by the respondent in his motion to dismiss, this could not be challenged in an action for habeas corpus relief. This, in turn, explains why the petitioner's motion to correct the record must be, and now is, **denied.**

**IT IS SO ORDERED.**

Date: 3/09/10

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Andre' Vance Powell
No. 951140
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135

Stephanie.Rothenberg@atg.in.gov